NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY KESTEN,<br><br>Defendant. | Criminal Action No. 23-820 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on Defendant Jeffrey Kesten's Second Motion for Early Termination of Supervised Release. (ECF No. 11, "Second Motion").) The Government did not respond to the Motion. For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.     BACKGROUND**

On February 4, 2025, this Court denied Defendant Jeffrey Kesten's ("Defendant" or "Kesten") First Motion for Early Termination of Supervised Release ("First Motion"). (*See* ECF No. 8); *see also United States v. Kesten*, No. 23-820, 2025 WL 388720 (D.N.J. Feb. 4, 2025). The underlying facts of Defendant's criminal activity, which have not changed since the Court's last decision, are summarized below in relevant part.

From approximately 2012 to 2015, Kesten, a licensed physician and authorized Medicare provider, prescribed Subsys, a fentanyl drug designed to treat cancer pain, to patients who did not need the drug in exchange for monetary kickbacks from the drug's manufacturer, Insys Therapeutics, Inc.. (*See* Ex. 1 ¶¶ 8–20.)[1] He earned $344,000 in kickbacks over two years (*id.* ¶ 19), cost Medicare $2,671,662 (plus $4,763 in co-pays), and cost Medicaid $251,000 (*id.* ¶ 32).

---

[1] Accompanying its opposition letter to Kesten's First Motion, the Government emailed the Court copies of Defendant's Presentence Investigation Report ("PSR") and plea agreement, labelling the PSR as Exhibit

On October 26, 2021, Kesten pled guilty to one count of conspiracy to solicit and receive kickbacks or bribes contrary to 42 U.S.C. § 1320a-7b(b), in violation of 18 U.S.C. § 371. (Ex. 2 at 2.) The guideline range for his sentence was set at 46 to 52 months. (Ex. 1 ¶ 122.) On February 28, 2022, the Honorable Daniel D. Domenico, United States District Judge for the District of Colorado, sentenced Kesten to 24 months' imprisonment and a term of three years of supervised release. (ECF No. 2-2 at 2–3.) Kesten was also ordered to pay $344,000 in restitution. (*Id.* at 6.) On June 16, 2023, Kesten completed his term of imprisonment and began his term of supervised release, which is set to expire on June 16, 2026.[2]

Kesten filed his First Motion on September 16, 2024, less than halfway through his term of supervised release. (*See* ECF No. 5.) The Court denied that motion because, *inter alia*, the plea agreement prohibited that very motion and the seriousness of the crime. (ECF No. 8 at 3, 4.) On May 7, 2025, Kesten filed his Second Motion, this time relying on a letter to the Court purporting to "outline a change in circumstances." (ECF No. 11 at 1.)[3] Specifically, Kesten asserts that he lost his job "due to corporate restructuring" in July 2024, has exhausted his unemployment benefits, and has had "limited" job opportunities. (ECF No. 11-1 at 1.)

Now, Kesten represents that he has been offered an employment opportunity in Nevada, which would allow him to obtain physician licensure in that state after competing a preceptorship. (*Id.*) He argues that he needs his preceptorship to start immediately, and any effort to transfer this

---

1, and the plea agreement as Exhibit 2. The Court adopts the same exhibit numbering scheme for this Memorandum Order.

[2] On October 16, 2023, the case was transferred to this Court and assigned to the Undersigned. (ECF No. 1.)

[3] Kesten first mailed a letter directly to the Court's chambers on April 17, 2025. The Court alerted all parties to the existence of the letter via Text Order, provided the letter to Kesten's counsel, and explained that the Court is "not obligated to consider pro se motions by represented litigants." (*See* ECF No. 9.) Kesten's counsel subsequently filed the letter on his behalf as the now-pending Motion. (*See* ECF No. 11.)

matter to Nevada, where he could both continue his supervised release *and* work in his preceptorship, would take too long. (*Id.*) Kesten anticipates he would be granted licensure on June 6, 2025. (*Id.*) In addition, Kesten states that he has continued to fully comply with the terms of his supervised release "including making scheduled restitution payments." (*Id.*)

## II.    LEGAL STANDARD

A district court may terminate a term of supervised release any time after the expiration of one year of supervised release, if the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court must consider the following factors under 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide [the defendant] with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "A district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* District courts "are not required to make specific findings of fact with respect to each of these factors; rather, a statement that the district court has considered the statutory factors is sufficient." *Id.* at 52–53 (cleaned up).

## III.    DISCUSSION

As the Court noted in its February decision, Kesten waived his right to apply for early termination of supervised release, as a condition of his plea agreement. The plea agreement

3

provides that "defendant [] knowingly and voluntarily waives the right to challenge this . . . sentence . . .in any collateral attack." (Ex. 2 ¶ 6.) The Third Circuit has held that a waiver of the right to "challenge this . . . sentence" in this context applies to a motion for early termination of supervised release. *See United States v. Damon*, 933 F.3d 269, 274–75 (3d Cir. 2019). Therefore, Kesten's "challenge to the duration of his supervised release falls within the scope of his appellate waiver." *Id.* at 275.

Even assuming *arguendo* that Kesten could file the present Motion, the Court has considered the statutory factors under 18 U.S.C. § 3553(a) and determines that terminating Kesten's supervised release is not appropriate. *See United States v. Sheppard*, 17 F.4th 449, 455–56 (3d Cir. 2021). The Court incorporates herein the bases for denying Kesten's first motion; indeed, other than the passage of time, there have been no changes in circumstance that override the reasoning in February.

The Court is especially mindful of the nature and circumstances of Kesten's offense in relation to his pending request for relief. *See* 18 U.S.C. § 3553(a)(1). Kesten pled guilty to a significant crime wherein he abused his position of public trust as a physician to prescribe highly addictive medication to people who did not need it. Now, he attempts to get a new job in a new state in the very same position, where, with the appropriate licensure, he will be in the position to make the same decisions again. The Court will not make special accommodations to fast track his re-licensure. *See United States v. Corpuz*, No. 07-319, 2013 WL 6622916, at *2 (W.D Pa. Dec. 16, 2013) (denying defendant's motion even though early termination of supervised release would "help facilitate the success of his application" for medical licensure).

In his Second Motion, Kesten acknowledges the "considerable reduction" in his prison sentence; this arguably weighs against terminating his supervised release. *See* 18 U.S.C. §

4

3353(a)(4). As explained in the Court's prior decision, although Kesten was given a guideline sentencing range of 46 to 57 months, he was sentenced to only 24 months, a significant downward variance, with three years of supervised release. (*See* Ex. 1 ¶ 122; Ex. 2 at 6, ECF No. 2-2 at 2–3). Kesten already benefitted significantly from this downward variance; he need not benefit again here. *See United States v. Triplett*, No. 16-248, 2020 WL 6701023, at *4 (W.D. Pa. Nov. 13, 2020). Accordingly, Defendant's Second Motion (ECF No. 11) is **DENIED.**

Accordingly, **IT IS** on this 29th day of May, 2025,

**ORDERED** that Defendant's Motion for Early Termination of Supervised Release (ECF No. 11) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** the motion pending at ECF No. 11.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**